IN THE UNTIED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 20-360 |
| | ) |
| PITTSBURGH WATER AND SEWER AUTHORITY | ) |
| | ) |

SENTENCING MEMORANDUM OF THE UNITED STATES

AND NOW, comes the United States of America, by its attorneys, Stephen R. Kaufman, Acting United States Attorney for the Western District of Pennsylvania, and Michael Leo Ivory, Assistant United States Attorney for said district and Martin Harrell, Associate Regional Counsel for Criminal Enforcement, EPA Region 3, and hereby submits the following Sentencing Memorandum and in support thereof states the following:

The Pittsburgh Water and Sewer Authority ("PWSA") has pleaded guilty to violating a National Pollution Discharge Elimination System permit in violation of 33 U.S.C. §§ 1311, 1342, and 1319(c)(2) and making false statements in violation of 33 U.S.C. § 1319(c)(4), 18 U.S.C. §§ 2, 3551(c)(1), and 35621(c)(1). Under the salient terms of PWSA's plea agreement, the parties have agreed that as part of its sentence PWSA (1) will be placed on probation for a period of three years; (2) establish an Environmental Compliance Program, the cost of which will not be the subject of any rate proposal; (3) conduct annual environmental audits, the results of which will be accessible by the public; and (4) permit the government to observe the conduction of these environmental audits upon prior notice and to review the audits as well.

For the reasons set forth below, the government respectfully requests that this Court accept and impose the sentence delineated and agreed to in the plea agreement.

First, the recommended term of probation, three years, is the maximum term allowable by law for a corporate defendant. A term of probation entails supervision first by the United States Probation Office, but ultimately with this Court. The term of probation recommended by the parties will ensure that PWSA will adhere to relevant state and federal regulatory schemes. Under the terms of the plea agreement, the United States Attorney's Office and the Environmental Protection Agency have been and will be involved in the PWSA's development of an effective ethics and compliance program. Among other things, the United States has reviewed and commented on a proposed Environmental Compliance Manual and related documents and interviewed contractors hired by the PWSA to assist in the development of the compliance program and perform annual compliance audits and reports during the period of probation. Moreover, both the USAO and EPA have the right to observe performance of the environmental audits and review the final reports. These reports will also be posted on the PWSA's website to inform the public. The government's participation in and review of these tasks has and will add another layer of supervision on PWSA.

The U.S. Sentencing Guidelines make clear that the fine-range setting system in Chapter 8 do not apply to environmental offenses, although the remaining provisions do. Thus, the statutory maximum in this case is $500,000 per count for a total of $1 million. USSG Section 8C2.1 and Background. Although the government had the right to request the imposition of a criminal fine up to $1 million, it was determined that the money could be better spent on the development and imposition of an environmental compliance program to remedy the compliance issues occurring at the Aspinwall Water Treatment Plant (See PSR at ¶ 40). It is noteworthy that the cost of the environmental compliance program cannot be passed along to PWSA's customers by means of a rate increase. The environmental compliance program, if successful, will prevent future instances

of regulatory noncompliance and the imposition of new fines. In the long run, the environmental compliance program, hopefully will save money for PWSA and its customers and protect human health and the environment at the drinking water plant.[1]

The environmental audit program, likewise, will benefit the public because of the transparency it entails. The government has the right to observe these audits. A final version of each audit will be made available on PWSA's website and the public will access to them. Each audit will list any corrective actions undertaken by PWSA to address environmental issues. The public will therefore have the ability to hold PWSA accountable for regulatory infractions and the manner by which those infractions are addressed.

PWSA's decision to plead guilty was not a facile act of atonement. Under the terms of the plea agreement, PWSA has agreed to serve the maximum sentence allowable by law. It has agreed to bind itself to a comprehensive ameliorative program designed to ensure compliance with applicable environmental regulations. Not only will this program prevent systemic noncompliance by PWSA, it will protect and preserve the public's interest in an entity whose operations are vital to the lifeblood of this region.

> Respectfully submitted,
> STEPHEN R. KAUFMAN
> ACTING UNITED STATES ATTORNEY
>
> /S/MICHAEL LEO IVORY
> Michael Leo Ivory
> Assistant U.S. Attorney
> United States Courthouse
> 700 Grant Street
> Suite 4000
> Pittsburgh, PA 15219
> PA ID No. 59296

---

[1] The United States notes that the PWSA is currently working with EPA's Office of Suspension and Debarment to resolve issues concerning potential loss of federal funding for the Aspinwall plant.